# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————————

05-2832

———————————

| | | |
|---|---|---|
| Gerald Richter; Charlene Richter, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District of |
| ITW Ransburg Electrostatic | * | Minnesota. |
| Systems Group, a division of | * | |
| Illinois Tool Works, Inc.; | * | |
| American Industrial Corporation, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

———————————

Submitted: February 17, 2006
Filed: April 28, 2006

———————————

Before WOLLMAN, ARNOLD and GRUENDER, Circuit Judges.

———————————

PER CURIAM.

Gerald and Charlene Richter appeal the district court's[1] adverse grant of summary judgment in the Richters' strict liability and negligence actions against ITW

———————————

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Ransburg Electrostatic Systems Group ("Ransburg") and American Industrial Corporation ("AIC").[2] The Richters' claims arise from a high-voltage electrical shock that Gerald Richter received while working as a paint line operator for Andersen Windows/Andersen Corporation ("Andersen") in Bayport, Minnesota.

We review de novo the district court's grant of summary judgment, applying the same standard that the district court applied. *Sperry v. Bauermeister, Inc.*, 4 F.3d 596, 597 (8th Cir. 1993). Summary judgment is appropriate where "the record, when viewed in the light most favorable to . . . the nonmoving party, shows that there is no genuine issue of material fact and that . . . the moving party . . . is entitled to judgment as a matter of law." *Id.*

The district court granted summary judgment to AIC and Ransburg because, in the district court's view: (i) the record did not contain facts sufficient to create a genuine issue of material fact as to whether Richter's injuries were proximately caused by AIC or Ransburg's actions; (ii) the record did not contain facts sufficient to create a genuine issue of material fact as to whether AIC and Ransburg were responsible for alleged defects in Andersen's electrostatic painting system; and (iii) Andersen's miswiring constituted an intervening, superseding cause of Richter's injury.

After a careful review of the record and the parties' briefs, we conclude that the district court correctly determined that there is no genuine issue of material fact concerning whether AIC or Ransburg proximately caused Richter's injuries and that

---

[2] Richter's amended complaint also contained a cause for breach of warranty. However, Richter failed to argue before this Court that the district court erred when it granted summary judgment to the defendants on Richter's warranty claim. Accordingly, we treat Richter's warranty claim as abandoned. *See, e.g., Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740-41 (8th Cir. 1985).

an extended opinion would add nothing of substance to the district court's well-reasoned analysis of that issue.  Under Minnesota law, proof of proximate causation is an essential element of any design defect or negligence claim.  *Patton v. Newmar Corp.*, 538 N.W.2d 116, 119-20 (Minn. 1995) (design defect); *see also Hudson v. Snyder Body, Inc.*, 326 N.W.2d 149, 157 (Minn. 1982) (negligence).  As a result, our agreement with the district court's opinion concerning proximate causation is sufficient to warrant affirmance of the district court's judgment, and we need not reach the other bases for summary judgment set forth by the district court.

Accordingly, we affirm.  *See* 8th Cir. R. 47B.

_____